BLUE, Judge.
George A. Lewis appeals the denial of his motion for postconviction relief. Lewis contends the trial court erred in refusing to grant a new trial upon a showing that the State withheld relevant favorable evidence prior to the trial. Because we agree with the trial court that Lewis failed to show there was a reasonable probability that the trial’s outcome would have been different had the improperly withheld evidence been disclosed, we affirm.
Lewis was tried and convicted for the first-degree murder and sexual battery of his neighbor, Karen Gregory. Several years after Lewis was convicted, a casual conversation between one of his defense attorneys and a former member of the law enforcement investigative team suggested the State withheld discovery materials which were potentially favorable to Lewis. A public records request revealed the State did not produce numerous documents which should have been included in the discovery materials requested by Lewis prior to the trial.
As a result of the information that was not previously furnished, Lewis filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, claiming that information favorable to him had been withheld prior to trial and, thus, he was entitled to a new trial. Lewis contended the withholding of this information constituted a violation of the rules set forth in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In Brady, the United States Supreme Court established a legal test which requires a new trial when a defendant can establish that (1) the State possessed evidence which was favorable to the defendant; (2) the evidence was not given to the defendant; (3) the defendant did not have the evidence nor could the defendant have obtained it with reasonable diligence; and (4) had the evidence been disclosed, a reasonable probability exists that the outcome of the trial would have been different. See Cherry v. State, 659 So.2d 1069, 1073 (Fla.1995). “Reasonable probability” has been defined as a probability sufficient to undermine the court’s confidence in the outcome of the case. See Breedlove v. State, 580 So.2d 605, 607 (Fla.1991).
Against this background, an evidentiary hearing was held before Judge Susan Schaef-fer, the chief circuit judge of the Sixth Judicial Circuit.[1] Following the hearing, Judge Schaeffer rendered a comprehensive order in which she analyzed each of the claimed Brady violations. Judge Schaeffer determined that several pieces of documentary evidence met the first three prongs of Brady, but concluded that based upon the evidence against Lewis in the first trial—which continues .to exist today—there was not a reasonable probability that the undisclosed evidence would change the outcome. Because we agree with Judge Schaeffer’s analysis, we affirm the decision denying Lewis a new trial.
Although it is not necessary to recount all of the evidence set forth in the trial court’s order and, to a great extent, in this court’s prior opinion in State v. Lewis, 543 So.2d 760 (Fla. 2d DCA 1989), there are two factors which make it highly unlikely that a new trial would result in Lewis’s acquittal. First, it is clear that Lewis lied about his involvement from the very first day of the investigation into Karen Gregory’s death. He admitted this on the witness stand at his trial. It was only after one of the many barefoot, bloody footprints located at the murder scene was positively identified as belonging to Lewis that he finally admitted he was present at the murder scene, although he continued to deny any involvement in the crimes. Second, even considering the evidence that was withheld by the State, there is no evidence that any other person was present in the house where Karen Gregory was murdered, at or near the time this crime occurred, except George Lewis.
Even though we conclude the trial court properly denied Lewis’s motion for postconviction relief, we are troubled by the prosecutorial team’s failure to furnish the information that was the subject of the mo *1203 tion. The law does not appear to distinguish between Brady material that is intentionally or unintentionally withheld. However, information that is intentionally withheld involves the ethical duty of prosecuting attorneys in Florida. See R. Regulating Fla. Bar 4-3.8(c) (“prosecutor in a criminal case shall ... make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense”). The trial court made no findings distinguishing between intentional and unintentional withholding of information. Because we believe there was questionable conduct that should be investigated by The Florida Bar, by this opinion we bring the matter to the Bar’s attention. See Fla. Code Jud. Conduct, Canon 3(D)(2).
Having determined that the trial court properly analyzed the evidence and the law applying to that evidence, we conclude that although favorable information was withheld from Lewis, it did not have the probability of changing the outcome of his trial. Accordingly, we affirm.
FRANK, A.C.J., and WHATLEY, J., concur.

. Judge Schaeffer was not the trial judge.